UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS W. MCNAMARA, as Court-Appointed Monitor for AMG Capital Management LLC, *et al.*, | ) ) ) ) | Case No.: 2:18-cv-01813-GMN-NJK |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| STEALTH POWER, LLC, | ) ) | |
| Defendant. | ) | |

Before the Court is the parties' Joint Status Report, (ECF No. 57), which addresses whether the Court should stay the case in light of the United States Supreme Court's grant of *certiorari* in *AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, No. 19-508 (the "FTC Case"). The Monitor opposes a stay, while Defendant argues that the Court should stay the case. (*See generally* JSR, ECF No. 57). For the reasons discussed below, the Court **STAYS** the case pending resolution of the FTC Case.

District courts have broad power to stay proceedings pursuant to their inherent power to manage their dockets. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976); *see, e.g.*, *Collins v. Collins*, No. 3:16-cv-00111-MMD-WGC, 2019 U.S. Dist. LEXIS 209881, at *1 (D. Nev. Dec. 5, 2019). In deciding whether to issue a stay, the court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The court should also consider the judicial resources

that may be saved by staying the action. *See, e.g.*, *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 U.S. Dist. LEXIS 114333, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012).

      After considering the applicable factors and the potential impact of the United States Supreme Court's decision in the FTC Case on this matter, the Court finds that the case should be stayed. The Monitor argues that a stay should not be granted because this is a collection action as opposed to a "clawback" case against an entity in a monitorship or receivership by a monitor or receiver. (JSR 1:16–24). However, the central issue in the grant of certiorari in the FTC Case is the FTC's power to recover monetary relief, generally—not just monetary relief against unlawful transfers from monitorship entities to third parties—resolution of which could affect the Monitor's scope of authority even if the Supreme Court affirms this Court's decision in 2:12-cv-00536-GMN-VCF. Waiting for the Supreme Court before continuing with this case thus prevents rulings on the merits that might later be undermined. Such rulings could also cause prejudice to Defendant by improperly ordering a money judgment that is later reversed.

      The Monitor also argues that a stay would prejudice his ability to recover a judgment because Defendant has threatened to declare bankruptcy in the event of a judgment. (JSR 2:18–3:19). Not only has Defendant denied threatening bankruptcy, (*Id.* 5:9–19), but the Court is unpersuaded that a delayed judgment would affect Defendant's solvency. The Monitor has not argued that Defendant's financial position during a stay is expected to weaken; instead, he argues that a judgment itself would potentially lead Defendant to declare bankruptcy. (*Id.* 2:18–3:19). A stay would not change the potential effect of a prospective monetary judgment. If the Monitor can show otherwise, he may move to lift the stay. Thus, the circumstances of certiorari in the FTC Case make a stay appropriate.

//

//

Accordingly,

**IT IS HEREBY ORDERED** that the Court **STAYS** this case pending the United States Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.  The Monitor and Defendant shall jointly file a status report every three months beginning on November 2, 2020, addressing the status of *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.  Upon the United States Supreme Court's decision, the parties shall jointly petition the Court to lift the stay.

**IT IS FURTHER ORDERED** that dispositive motions currently pending before the Court in this matter need not be refiled, and the Court will address them once the stay is lifted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions, (ECF No. 34), is **DENIED without prejudice**.  Defendant may refile the Motion after the Court lifts the stay.

**IT IS FURTHER ORDERED** that the Monitor can petition the Court for relief from the stay if there is evidentiary support showing conduct by Defendant that may harm the Monitor's ability to recover a judgment in this matter.

**DATED** this __3__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT